### RYAN et v HENNEY

Ohio Appeals, 2nd Dist, Franklin Co

No 2431.   Decided Sept 24, 1935

Hedges, Hoover & Tingley, Columbus, for plaintiffs in error.

Ralph H. Henney, Columbus, for defendants in error.

## OPINION

By BARNES, PJ.

An examination of the signed order will disclose that under its language it says "all money deposited with your company in such name whether on pass book or on certificate of deposit or on running stock or paid up stock;" it also is provided that the Loan Company are authorized and directed to pay all or part of such account on the order of any one or more of the signatories notwithstanding the death or incapacity of one or the other.

The language is very clear and unambiguous and unquestionably evidences an intention to give the order application to all and every deposit whenever made.

It is a general rule that the right of parties to contract is general and unlimited unless specifically prohibited by law or prevented by reason of fixed public policy.

The right of husband and wife to contract is also general and only prohibited under the same limitations.

We are unable to see any good reason why the order for joint account signed by Mr. and Mrs. Lawlor should not be given general application and thereby carry out the very clear intent of the signatories.

Sec 9648, GC, very clearly authorizes the making of deposits to a joint account of two or more persons with right of survivorship.

Section 54 of the by-laws of the association also provides for joint accounts with right of survivorship, and prescribes the substance of the order to be signed.

The case of **Trust Company v Schobie, 114 Oh St, 241,** is directly in point, and sustains the right of survivorship under similar language as in the instant case. We find no prejudicial error in the record.

The judgment of the lower court will be sustained at costs of plaintiffs in error.

Exceptions will be allowed. Entry may be presented in accordance with this opinion.

HORNBECK and BODEY, JJ, concur.